```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
ENTERTAINMENT BY J&J, INC.,                                      :
                                                                 :
                         Plaintiff,                              :
                                                                 :    02 Civ. 1119 (CSH) (MHD)
        -against-                                                :
                                                                 :    MEMORANDUM OPINION
LAS HERMANAS RESTAURANT, INC.,                                   :    AND ORDER
d/b/a LAS HERMANAS RESTAURANT,                                   :
and d/b/a LOS JINETES BAR & GRILL,                               :
INC., d/b/a LAS HERMANAS RESTAURANT,                             :
and LOS JINETES BAR & GRILL, and                                 :
GRISELDA REYES, individually, and d/b/a                          :
LAS HERMANAS RESTAURANT, and d/b/a                               :
LOS JINETES BAR AND GRILL,                                       :
                                                                 :
                         Defendants.                             :
-----------------------------------------------------------------x
```



HAIGHT, Senior District Judge:

      Defendants Las Hermanas Restaurant, Inc. and Griselda Reyes moved to vacate a default judgment entered against them on the ground that defective service of process precluded this Court from having *in personam* jurisdiction over them.[1] My opinion and order on this motion was issued on June 15, 2005. *See Entm't by J&J, Inc. v. Las Hermanas Rest., Inc.*, 2005 U.S. Dist. LEXIS 11813 (S.D.N.Y. June 15, 2005). I determined that a traverse hearing was necessary to assess the sufficiency of process. That hearing was held on November 21, 2005, and on May 10, 2006 Magistrate Judge Dolinger issued a Report and Recommendation ("R&R") concluding that the Defendants' motion should be denied. Defendants have since filed Objections to the R&R, to which Plaintiffs have responded.

      In my opinion I also stated that if service upon the Defendants was proper, this Court would then determine whether good cause exists to set aside the default judgment pursuant to

---

[1] Defendant Los Jinetes Bar and Grill was not a party to this motion made on June 2, 2005.

Rule 60(b)(6), Fed. R. Civ. P. *Id.* at *3. I now grant Defendants the opportunity to demonstrate whether, apart from their earlier allegations of improper service of process, they can provide any reason justifying relief from the operation of the judgment entered against them.

Rule 55(c) provides that an entry of default may be set aside "for good cause shown" and that a default judgment may be set aside in accordance with Rule 60(b). Among the other grounds, such as "mistake, inadvertence, surprise, or excusable neglect," *see* Fed. R. Civ. P. 60(b)(1), Rule 60(b) permits relief from judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). In practice, courts apply the same set of factors in considering motions to set aside an entry of default and motions to set aside a default judgment, but the factors are applied more rigorously in the case of a default judgment, which is a final, appealable action by the district court. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). Those factors are "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.* at 96. In order to show that it has a meritorious defense, a defendant must present evidence of facts that would constitute a complete defense, although the defendant need not establish its defense conclusively. *Sec. & Exch. Comm'n v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998).

Defendants are directed to respond to this issue not later than November 22, 2006. Plaintiffs may respond to Defendants' submissions not later than December 1, 2006.

It is SO ORDERED.

Dated: New York, New York
October 23, 2006

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE